JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### Eastern Division

| | |
|---|---|
| Francisco Gonzales, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> -against- <br><br> Designed Receivable Solutions, Inc.; <br><br> Defendant(s). | Case No.: <br><br> **CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* |

Plaintiff Francisco Gonzales (hereinafter, "Plaintiff"), a California resident, brings this Class Action Complaint by and through his attorneys, against the Defendant Designed Receivable Solutions, Inc. (hereinafter "Defendant" or "DRS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INTRODUCTION/PRELIMINARY STATEMENT**

1.     Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## <u>JURISDICTION AND VENUE</u>

3.      The Court has jurisdiction over this class action pursuant to <u>28 U.S.C. § 1331</u>, as well as <u>15 U.S.C. § 1692</u> et. seq.   The Court also has pendent jurisdiction over the State law claims in this action pursuant to <u>28 U.S.C. § 1367(a)</u>.

4.      Venue is proper in this judicial district pursuant to <u>28 U.S.C. § 1391(b)(2)</u> as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## <u>NATURE OF THE ACTION</u>

5.      Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.      Plaintiff is seeking damages, declaratory judgment and injunctive relief.

## <u>PARTIES</u>

7.      Plaintiff is a resident of the State of California, County of Riverside.

8.      Defendant DRS is a "debt collector" as the phrase is defined in <u>15 U.S.C. § 1692(a)(6)</u> and used in the FDCPA with an address for process service care of Registered Agent Solutions, Inc., 1220 South Street, Suite 150, Sacramento, California 95811.

9.    Upon information and belief, Defendant DRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.   Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.   The Class consists of:

    a.  all individuals with addresses in the State of California;

    b.  to whom the Defendant DRS sent a collection letter attempting to collect a consumer debt;

    c.  wherein the letter fails to disclose the inability to sue despite being time-barred from enforcing the debt; and

    d.  purports to validate the debt by disclosing interest accrual without explaining the basis for same;

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.  The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13.  Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.  There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

15.  Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.  Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.  Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **<u>FACTUAL ALLEGATIONS</u>**

19.  Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

20.  Some time prior to May 11, 2022, an obligation was allegedly incurred to Redlands Main and BMG Urgent Care ("Creditors").

21.   The Creditors' obligation arose out of transaction(s) in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically medical care.

22.   The alleged Creditors' obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.   Creditors qualify as a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.   Creditors contracted with the Defendant DRS to collect the alleged debt.

25.   Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – May 11, 2022 Collection Letter*

26.   On or about May 11, 2022, Defendant DRS sent the Plaintiff a debt collection letter (the "Letter") regarding the alleged debt owed to Creditors. **See Exhibit A**, the Letter.

27.   The Letter states a balance of $588.50.

28.   The Letter purports to verify the account(s).

29.   However, the alleged balance includes interest in the amount of $182.98, without explanation.

30.  Specifically, the Letter does not reflect the basis for the alleged interest accrual, be it based in contract, statute or otherwise.

31.  Moreover, the Letter sets forth that the debt originated and was owed between January 6, 2017 and March 6, 2017.

32.  Accordingly, upon information and belief, the debt is time-barred from legal enforcement by the applicable statute of limitations.

33.  However, the Letter failed to disclose that the debt was no longer legally enforceable.

34.  The foregoing language is misleading and deceptive.

35.  First, including interest in the balance is misleading and deceptive because it does not properly advise why the debt is subject to the accrual of interest.

36.  This language is further misleading and deceptive because it does not actually state when interest began to allegedly accrue.

37.  These misleading statements easily caused the Plaintiff uncertainty because the Plaintiff was unable to ascertain the exact amount owed on the alleged debt, the makeup of that total amount, and whether the debt would become larger over time.

38.  Moreover, the failure to disclose that the debt is time-barred from enforcement is materially misleading to the Plaintiff and is a false statement/omission that the Defendant knowingly made.

39.  Accordingly, the Letter should have advised the Plaintiff that he could not be sued and that the debt was unenforceable.

40.  To state or imply otherwise, affirmatively or by omission, was false, misleading and deceptive.

41.  Despite the omitted language in the Letter, the Creditors could not sue on the debt at the time that the Letter was issued.

42.  Therefore, Defendant included incorrect or misleading legal advice/status in the Letter.

43.  These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

44.  Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

45.  Defendant's improper collection led the Plaintiff to believe that the Letter was fraudulent, or at least suspect, in whole or in part.

46.  Plaintiff was confused as to whether the Letter was from a legitimate debt collector, a fraudulent wrongdoer hoping to induce erroneous payment, or for a debt that was unenforceable.

47.  Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the Defendant is authorized to collect the debt.

48. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is unenforceable and one of which is enforceable, Plaintiff would pay the enforceable debt first.

49. Plaintiff was therefore unable to evaluate whether the debt is enforceable.

50. Plaintiff was therefore unable to make payment on the debt.

51. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

52. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the debt.

53. Because of the Defendant's improper collection, Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had the Defendant's Letter not contained false, deceptive, misleading, and/or unfair content.

54. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

55. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of additional interest accrual and dominion over his funds.

56.  In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

57.  Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant's furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

58.  Thus, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff reputational harm.

59.  Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff financial harm.

60.  Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of anxiety and stress.

61.  Plaintiff's reputational and emotional harm manifested itself physically in the form of increased heartrate.

62.  Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

63.  As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts

of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

64. Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

65. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

66. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

67. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

68. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

69. Plaintiff was misled to his detriment by the statements in the Letter, and relied on the content of the Letter to his detriment.

70.  Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

71.  As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

72.    Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

73.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

74.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75.    Defendant violated said section by:

    a. Making a false representation of the character, amount, or legal status of any debt in violation of §1692e(2)(A);

    b. Threatening to take any action that cannot legally be taken in violation of §1692e(5); and

c.  Making a false representation or using deceptive means to collect or attempt to collect any debt in violation of §1692e(10).

76.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

77.    Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

78.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

79.    Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

80.   Pursuant to 15 U.S.C. § 1692g(b):

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

81.    Defendant violated said section by:

    a.  Failing to issue a correct validation of the debt; and

    b.  Depriving the Plaintiff of his right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without first issuing a correct validation of the debt; and

    c.  Overshadowing the Plaintiff's right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without first issuing a correct validation of the debt.

82.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

83.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Francisco Gonzales, individually and on behalf of all others similarly situated, demands judgment from the Defendant DRS as follows:

    a)    Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Jonathan Stieglitz, Esq., as Class Counsel;

    b)    Awarding the Plaintiff and the Class statutory damages;

    c)    Awarding the Plaintiff and the Class actual damages;

    d)    Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    e)    Awarding pre-judgment interest and post-judgment interest; and

    f)    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 24, 2023

                                  THE LAW OFFICES OF
                                  JONATHAN A. STIEGLITZ

                        By:    /s/ Jonathan A. Stieglitz
                                  Jonathan A. Stieglitz